UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| DONALD CAIN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )   1:20-cv-00070-JAW |
| | ) |
| HUNTER TZOVARRAS, et al., | ) |
| | ) |
| Defendants | ) |

### RECOMMENDED DECISION AFTER REVIEW OF
### COMPLAINT PURSUANT TO 28 U.S.C. § 1915(e)

Plaintiff seeks to recover for damages allegedly resulting from negligent legal representation in a criminal proceeding in this Court. (Complaint, ECF No. 1.) In 2018, after Plaintiff pled guilty to a criminal charge, the Court sentenced Plaintiff to a term of imprisonment, which term he is currently serving. Plaintiff has joined as defendants his former attorney, Hunter Tzovarras, and Bryan Kirsch, whom Plaintiff identifies as an "insurance agent/attorney." (*Id.*)

Plaintiff filed an application to proceed in forma pauperis (ECF No. 7), which application the Court granted. (ECF No. 8.) In accordance with the in forma pauperis statute, a preliminary review of Plaintiff's complaint is appropriate. 28 U.S.C. § 1915(e)(2).

Following a review of Plaintiff's complaint pursuant to 28 U.S.C. § 1915(e)(2), I recommend the Court dismiss Plaintiff's complaint against Defendant Kirsch.

## Discussion

The federal in forma pauperis statute, 28 U.S.C. § 1915, is designed to ensure meaningful access to the federal courts for those persons unable to pay the costs of bringing an action. When a party is proceeding in forma pauperis, however, "the court shall dismiss the case at any time if the court determines," inter alia, that the action is "frivolous or malicious" or "fails to state a claim on which relief may be granted" or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). "Dismissals [under § 1915] are often made sua sponte prior to the issuance of process, so as to spare prospective defendants the inconvenience and expense of answering such complaints." *Neitzke v. Williams*, 490 U.S. 319, 324 (1989).

When considering whether a complaint states a claim for which relief may be granted, courts must assume the truth of all well-plead facts and give the plaintiff the benefit of all reasonable inferences therefrom. *Ocasio-Hernandez v. Fortuno-Burset*, 640 F.3d 1, 12 (1st Cir. 2011). A complaint fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 570 (2007).

Although a pro se plaintiff's complaint is subject to "less stringent standards than formal pleadings drafted by lawyers," *Haines v. Kerner*, 404 U.S. 519, 520 (1972), this is "not to say that pro se plaintiffs are not required to plead basic facts sufficient to state a claim," *Ferranti v. Moran*, 618 F.2d 888, 890 (1st Cir. 1980). To allege a civil action in federal court, it is not enough for a plaintiff merely to allege that a defendant acted unlawfully; a plaintiff must affirmatively allege facts that identify the manner by which the

defendant subjected the plaintiff to a harm for which the law affords a remedy. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

Here, Plaintiff has not alleged that Defendant Kirsch represented him during the criminal proceeding and has not otherwise alleged any facts that would support a claim against Defendant Kirsch. Accordingly, the dismissal of any claims against Defendant Kirsch is appropriate.

## Conclusion

Based on the foregoing analysis, after a review in accordance with 28 U.S.C. § 1915, I recommend the Court dismiss Plaintiff's complaint against Defendant Kirsch.

## NOTICE

A party may file objections to those specified portions of a magistrate judge's report or proposed finds or recommended decisions entered pursuant to 28 U.S.C. Section 636(b)(1)(B) for which de novo review by the district court is sought, together with a supporting memorandum, within fourteen (14) days of being served with a copy thereof.

Failure to file a timely objection shall constitute a waiver of the right to de novo review by the district court and to appeal the district court's order.

/s/ John C. Nivison  
U.S. Magistrate Judge

Dated this 1st day of June, 2020.