UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| DONALD CAIN, | ) |
| | ) |
| Plaintiff | ) |
| | ) |
| v. | ) 1:20-cv-00070-JAW |
| | ) |
| HUNTER TZOVARRAS, | ) |
| | ) |
| Defendant | ) |

**RECOMMENDED DECISION
ON DEFENDANT'S MOTION TO DISMISS**

Plaintiff alleges Defendant, Plaintiff's former legal counsel, provided inadequate legal representation during a criminal proceeding in 2018. The matter is before the Court on Defendant's motion to dismiss. (Motion to Dismiss, ECF No. 14.)

After consideration of the issues generated by Defendant's motion, I recommend the Court grant the motion.

**BACKGROUND**

The facts set forth below are drawn from Plaintiff's complaint, as well as "from documents incorporated by reference into the complaint, matters of public record, and facts susceptible to judicial notice." *Saccoccia v. United States*, 955 F.3d 171, 172 (1st Cir. 2020) (internal quotation marks omitted); *see Kowalski v. Gagne*, 914 F.2d 299, 305 (1st Cir. 1990) ("It is well-accepted that federal courts may take judicial notice of proceedings in other courts if those proceedings have relevance to the matters at hand."). (Complaint, ECF No. 1.) Plaintiff's factual allegations are deemed true when evaluating a motion to dismiss. *McKee v. Cosby*, 874 F.3d 54, 59 (1st Cir. 2017).

A.     **The Criminal Proceeding**

On August 9, 2016, Plaintiff was charged by indictment with one count of stalking, 18 U.S.C. § 2261A(2)(B), and two counts of transmitting threatening communications in interstate commerce, 18 U.S.C. § 875(c). (Indictment, No. 1:16-cr-00103-JAW, ECF No. 56.) On July 9, 2017, Defendant began representing Plaintiff in the criminal proceeding.[1] (Notice, No. 1:16-cr-00103-JAW, ECF No. 125.) Plaintiff later entered into a plea agreement, in which he agreed to plead guilty to the one count of stalking. (Plea, No. 1:16-cr-00103-JAW, ECF No. 151.) As part of the plea, the Government agreed to dismiss the remaining two counts and to "recommend a sentence at the low end of the applicable guideline range."[2] (*Id.*)

On January 9, 2018, the Court held a Rule 11 hearing, *see* Fed. R. Crim. P. 11(b), during which the Court, in part, confirmed that Plaintiff was pleading guilty to the charge of stalking because he was "actually guilty of that crime and for no other reason;" voluntarily signed the plea agreement; and was aware that a greater sentence than what was negotiated in the plea agreement could be imposed. (Transcript at 9-11, 15-24, No. 1:16-cr-00103-JAW, ECF No. 209.)

Following an extended colloquy with Plaintiff, the Court accepted Plaintiff's guilty plea. (*Id.* at 25.) At sentencing on July 19, 2018, the Government recommended a 30-month sentence and Defendant argued for a sentence "far below" the Government's

---

[1] On July 10, 2017, the Court granted the motion to withdraw of Plaintiff's previous counsel. (Order, No. 1:16-cr-00103-JAW, ECF No. 126.)

[2] Pursuant to the terms of the plea agreement, the parties agreed and understood that "the Court has the discretion to impose any lawful sentence." (Plea Agreement, No. 1:16-cr-00103-JAW, ECF No. 151.)

recommendation. (Transcript at 42, 61, No. 1:16-cr-00103-JAW, ECF No. 210.) The Court imposed a sentence of sixty months in prison. *See* 18 U.S.C. § 2261(b)(5) (setting statutory maximum sentences). (*Id.* at 72-73; Judgment, No. 1:16-cr-00103-JAW, ECF No. 197.) On Plaintiff's appeal, (Notice of Appeal, No. 1:16-cr-00103-JAW, ECF No. 199), the First Circuit affirmed the sentence imposed by the Court. *See United States v. Cain*, 779 F. App'x 6, 9-11 (1st Cir. 2019)

### B. Plaintiff's Complaint

#### 1. Procedural History

Plaintiff filed his complaint on March 2, 2020, asserting various claims against Defendant stemming from the 2018 guilty plea and sentencing.[3] (Complaint, ECF No. 1; Attachment, ECF No. 1-2.) On August 11, 2020, Defendant filed a motion to dismiss.[4]

#### 2. Factual Allegations

Plaintiff retained Defendant to represent him in the criminal proceeding. (Attachment ¶ 1, ECF No. 1-2.) Plaintiff alleges that Defendant "coerc[ed]" him into entering into the plea agreement "under the premise that . . . the court by and large goes with [the prosecutor's] recommendations" regarding sentencing. (Attachment ¶ 9, ECF

---

[3] On March 17, 2020, the Court granted Plaintiff's motion for leave to proceed in forma pauperis. (Order, ECF No. 8.) After a preliminary review of Plaintiff's complaint in accordance with 28 U.S.C. 1915(e)(2), I recommended the Court dismiss as a party Defendant Bryan Kirsch, whom Plaintiff had identified as an "insurance agent/attorney," because "Plaintiff ha[d] not alleged that Defendant Kirsch represented him during the criminal proceeding and ha[d] not otherwise alleged any facts that would support a claim against Defendant Kirsch." (Recommended Decision at 3, ECF No. 11.) The Recommended Decision was subsequently affirmed. (Order, ECF No. 13.)

[4] District of Maine Local Rule 7(b) provides: "Unless within 21 days after the filing of a motion the opposing party files written objection thereto, incorporating a memorandum of law, the opposing party shall be deemed to have waived objection." D. Me. Loc. R. 7(b). Under Local Rule 7, therefore, Plaintiff has waived objection to Defendant's motion. I nevertheless will assess the merits of Defendant's motion.

No. 1-1.)  Plaintiff further alleges that Defendant "suggested" to him that the prosecutor would seek a sentence of "supervised release with a fine . . . without any prison time." (*Id.* ¶ 9.)  According to Plaintiff, Defendant "never prepared to go to trial" and had "failed to contact . . . [and] to prep" witnesses for trial.  (Complaint, ECF No. 1; Attachment ¶ 18, ECF No. 1-2.)  Plaintiff alleges that Defendant "wanted more money to continue to trial," but had "abandoned" him when Defendant was not "able to get more money." (Attachment ¶ 11.)  Plaintiff also asserts that Defendant did not provide him with, or raise his objections to, the pre-sentence report prior to the sentencing hearing, and that Defendant "allowed the court to sentence [him] to an excessive sentence that was not agreed upon with [the prosecutor]." (*Id.* ¶¶ 11, 17.)

Plaintiff further alleges that "there was an accord and satisfaction between" Plaintiff and the victim of his stalking during a prior Maine state court proceeding. (*Id.* ¶ 13.)  He alleges that this accord and satisfaction resolved any controversy in the matter and that Defendant should have known that the Court did not have "federal criminal jurisdiction." (*Id.* ¶¶ 12-13.)  Additionally, Plaintiff suggests that Defendant had a conflict of interest during the criminal proceeding because Defendant is an "officer of the court" and his representation of Plaintiff was "directly adverse" to a duty owed to the Court. (*Id.* ¶¶ 2, 6.)

### DISCUSSION

**A.    Standard of Review**

A party may seek dismissal of a claim for "failure to state a claim upon which relief can be granted."  Fed. R. Civ. P. 12(b)(6).  In reviewing a motion to dismiss under Rule 12(b)(6), a court "must evaluate whether the complaint adequately pleads facts that 'state

a claim to relief that is plausible on its face.'" *Guilfoile v. Shields*, 913 F.3d 178, 186 (1st Cir. 2019) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). In doing so, a court must "assume the truth of all well-pleaded facts and give the plaintiff the benefit of all reasonable inferences therefrom," but need not "draw unreasonable inferences or credit bald assertions [or] empty conclusions." *Id.* (alteration in original) (internal quotation marks omitted); *see Bruns v. Mayhew*, 750 F.3d 61, 71 (1st Cir. 2014) ("[A] court is 'not bound to accept as true a legal conclusion couched as a factual allegation.'" (quoting *Twombly*, 550 U.S. at 555)). Federal Rule of Civil Procedure 12(b)(6) "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). In evaluating the sufficiency of the complaint, therefore, a court's "task is to 'first disregard conclusory allegations that merely parrot the relevant legal standard' and 'then inquire whether the remaining factual allegations state a plausible, rather than merely possible, assertion of defendants' liability.'" *Dumont v. Reily Foods Co.*, 934 F.3d 35, 39-40 (1st Cir. 2019) (quoting *Young v. Wells Fargo Bank, N.A.*, 717 F.3d 224, 231 (1st Cir. 2013)). "A self-represented plaintiff is not exempt from this framework, but the court must construe his complaint 'liberally' and hold it 'to less stringent standards than formal pleadings drafted by lawyers.'" *Waterman v. White Interior Sols.*, No. 2:19-cv-00032-JDL, 2019 U.S. Dist. LEXIS 191506, at *4 (D. Me. Nov. 5, 2019) (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)).

**B.   Analysis**

Plaintiff contends Defendant committed legal malpractice during his representation of Plaintiff. (Attachment ¶¶ 4-5, ECF No. 1-2.) Defendant argues that under Maine law,

Plaintiff is collaterally estopped from asserting a legal malpractice claim and, even if he could, Plaintiff has failed to allege the elements for such a claim.  (Motion to Dismiss at 6-10.)

To state a claim for legal malpractice, a plaintiff must demonstrate that "(1) the defendant breached a duty owed to the plaintiff to conform to a certain standard of conduct, and (2) the breach of that duty proximately caused an injury or loss to the plaintiff."[5]  *Allen v. McCann*, 2015 ME 84, ¶ 9, 120 A.3d 90 (internal quotation marks omitted).  "Proximate cause exists in professional malpractice cases where evidence and inferences that may reasonably be drawn from the evidence indicate that the negligence played a substantial part in bringing about or actually causing the injury or damage and that the injury or damage was either a direct result or a reasonably foreseeable consequence of the negligence."  *Butler v. Mooers*, 2001 ME 56, ¶ 9, 771 A.2d 1034 (internal quotation marks omitted); *see Johnson v. Carlton*, 2001 ME 12, ¶ 14, 765 A.2d 571 (stating that a plaintiff in a legal malpractice action "must demonstrate that he or she would have achieved a more favorable result but for the defendant's alleged legal malpractice" (internal quotation marks omitted)).  "The mere possibility of such causation is not enough, and when the matter remains one of pure speculation or conjecture, or even if the probabilities are evenly

---

[5] Maine, unlike some other states, has not conclusively established that a claim for legal malpractice arising from a criminal case requires a plaintiff to establish actual innocence or exoneration.  *See Goguen v. Haddow*, 2019 ME 113, ¶¶ 10-11, 212 A.2d 333, 335 (citing cases requiring such proof); *Brewer v. Hagemann*, 2001 ME 27, ¶ 6 n. 3-4, 771 A.2d 1030, 1032 (same).  Although the Law Court has not "opine[d] on whether the elements of actual innocence or exoneration are necessary or sufficient to proceed with a professional malpractice claim under Maine law when the alleged malpractice involved the entry of a judgment of conviction," *Goguen*, 2019 ME 113, ¶ 11, 212 A.2d 333, the Maine Superior Court has recognized the requirement. *Goguen v. Haddow*, No. CV-18-117, 2018 Me. Super. LEXIS 217, at *7 (Oct. 8, 2018) (citing *Dickey v. Sinclair*, No. CV-16-283, 2017 Me. Super. LEXIS 22, at **5-8 (Jan. 25, 2017)).

balanced, a defendant is entitled to judgment." *Allen*, 2015 ME 84, ¶ 9, 120 A.3d 90 (internal quotation marks omitted)

In instances where "undisturbed judgments have been entered" in a criminal proceeding, a plaintiff in a subsequent legal malpractice action "is collaterally estopped from asserting that inaccurate legal advice—rather than his own conduct—caused the injuries that he alleges." *Goguen v. Haddow*, 2019 ME 113, ¶ 9, 212 A.3d 333. Thus, "when issues are actually litigated and finally adjudicated in a criminal proceeding, the conviction 'conclusively establishes all facts essential to the final judgment of conviction' and is 'preclusive in favor of a third party in a subsequent civil action against the defendant in the criminal case.'" *Butler*, 2001 ME 56, ¶ 8, 771 A.2d 1034 (quoting *Hanover Ins. Co. v. Hayward*, 464 A.2d 156, 160 (Me. 1983)). More specifically, the preclusive effect of collateral estoppel also applies "to situations where the conviction is based on a guilty plea instead of a jury verdict in reliance on the premise that it is the 'full and fair *opportunity* to litigate in the prior suit' that protects due process rights." *Id.* (emphasis in original) (quoting *State Mut. Ins. Co. v. Bragg*, 589 A.2d 35, 37 (Me. 1991)); *see Hanover*, 464 A.2d at 160 ("The rule applies only to cases where there were guilty pleas or issues actually litigated and finally adjudicated in other criminal proceedings.").

Here, Plaintiff alleges that Defendant's representation regarding the guilty plea and sentencing—including that Defendant "coerc[ed]" Plaintiff into entering into the plea agreement (Attachment ¶ 9, ECF No. 1-2); "suggested" to him that the prosecutor would seek a sentence of "supervised release. . . without any prison time" (*Id.*); failed to challenge the Court's jurisdiction (*Id.* ¶ 13); failed to prepare for trial (*Id.* at ¶ 18); failed to disclose

a conflict between his duty to his client and his duty to the court (*Id.* ¶¶ 6-9); and failed to object to the pre-sentence report at the sentencing hearing (*Id.* ¶ 17)—are the bases of his action for legal malpractice.

Plaintiff, however, knowingly and voluntarily entered a guilty plea at the Rule 11 hearing on January 9, 2018. (Transcript at 9, 25, No. 1:16-cr-00103-JAW, ECF No. 209.) As part of the plea, Plaintiff acknowledged that he pled guilty because he was "actually guilty," agreed with the prosecution's version of facts supporting the factual basis for the plea, and he confirmed that he voluntarily signed the plea agreement. (*Id.* at 9-10, 15-17, 20-22.)  Plaintiff also confirmed that no promises had been made regarding the plea agreement or any sentence to be imposed, and that he understood that the Court retained "the authority to impose any lawful sentence." (*Id.* at 23-24.)  The underlying criminal judgment remains undisturbed. *See United States v. Cain*, 779 F. App'x 6, 9-11 (1st Cir. 2019).

Given Plaintiff's statements during the plea proceedings and the undisturbed conviction, as in *Goguen* and *Butler*, Plaintiff is collaterally estopped from asserting a legal malpractice claim against Defendant because the issue of causation was determined when Plaintiff knowingly and voluntarily entered his guilty plea. *See Goguen*, 2019 ME 113, ¶ 9, 212 A.3d 333 (holding that "because undisturbed judgments have been entered" that were "based on Goguen's in-court admissions . . . Goguen is collaterally estopped from asserting that inaccurate legal advice—rather than his own conduct—caused the injuries that he alleges"); *Butler*, 2001 ME 56, ¶ 9, 771 A.2d 1034 (concluding that a defendant's "plea of guilty and his acknowledgement that he 'knowingly and willfully' [committed a

crime] precludes a finding that his criminal conduct was nonetheless proximately caused by . . . negligent legal advice"). In other words, Plaintiff's in-court admissions, not Defendant's alleged inadequate legal representation, resulted in his conviction and thus caused the injury he alleges in this case. Plaintiff, therefore, cannot proceed on a legal malpractice claim.

## CONCLUSION

Based on the foregoing analysis, I recommend the Court grant Defendant's motion to dismiss Plaintiff's complaint.

## NOTICE

A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. 636(b)(1)(B) for which de novo review by the district court is sought, together with a supporting memorandum, within fourteen (14) days of being served with a copy thereof. A responsive memorandum shall be filed within fourteen (14) days after the filing of the objection.

Failure to file a timely objection shall constitute a waiver of the right to de novo review by the district court and to appeal the district court's order.

/s/ John C. Nivison  
U.S. Magistrate Judge

Dated this 16th day of December 2020.