UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| DONALD CAIN, | ) |
| Plaintiff, | ) ) ) |
| v. | ) ) 1:20-cv-00070-JAW |
| HUNTER TZOVARRAS, | ) ) ) |
| Defendant. | ) ) |

**ORDER AFFIRMING THE RECOMMENDED DECISION
OF THE MAGISTRATE JUDGE**

The Court affirms the recommended dismissal of a pro se plaintiff's legal malpractice action against his former criminal defense attorney.

**I.   BACKGROUND**

On March 2, 2020, Donald Cain filed a pro se complaint demanding sixty million dollars in malpractice damages against his former attorney, Hunter Tzovarras.[1]  *Compl.* (ECF No. 1).  On August 11, 2020, Attorney Tzovarras moved to dismiss Mr. Cain's Complaint for failure to state a claim.  *Def.'s Mot. to Dismiss* (ECF No. 14).  Mr. Cain did not respond to the motion to dismiss.  On December 16, 2020 the Magistrate Judge issued his recommendation that the Court dismiss Mr. Cain's Complaint because collateral estoppel barred his malpractice claim.  *Recommended Decision on Def.'s Mot. to Dismiss* at 8 (ECF No. 21) (*Recommended Decision*).

---

[1]   Mr. Cain named Attorney Tzovarras' alleged insurance agent, Bryan Kirsch, as a codefendant. *Id.*  On July 2, 2020, the Court affirmed and adopted a prior recommended decision of the Magistrate Judge and terminated Mr. Kirsch as a defendant.  *Order Affirming the Recommended Decision of the Magistrate Judge* (ECF No. 13).

On January 5, 2021, Mr. Cain objected to the Recommended Decision.[2] *Pl.'s Resp. to Recommended Decision on Def.'s Mot. to Dismiss* (ECF No. 22) (*Pl.'s Obj*). On January 12, 2021, Attorney Tzovarras responded to Mr. Cain's objection. *Def.'s Resp. to Obj. to Recommended Decision* (ECF No. 23).

## II.   DISCUSSION

### A.   Plaintiff's Failure to Object

In this case, Mr. Cain did not respond to Attorney Tzovarras' motion to dismiss. Attorney Tzovarras filed his motion to dismiss on August 11, 2020 and Attorney Tzovarras not only docketed the motion to dismiss but mailed a copy of the motion to dismiss to Mr. Cain's prison address. *Def.'s Mem. in Opp'n to Mot. for Notice of Default* at 1 (ECF No. 17). The Magistrate Judge waited until December 16, 2020 to issue his recommended decision but never received an objection from Mr. Cain. *Recommended Decision* at 3, n.4. As the Magistrate Judge noted, District of Maine Local Rule 7(b) provides: "Unless within 21 days after the filing of a motion the opposing party files written objection thereto, incorporating a memorandum of law, the opposing party shall be deemed to have waived objection." D. ME. LOC. R. 7(b). As a matter of law, Mr. Cain thus waived his right to object to Attorney Tzovarras' motion to dismiss when he failed to respond to it.

---

[2]   The deadline for Mr. Cain to object was December 30, 2020. *Recommended Decision*. However, Mr. Cain's objection was dated December 27, 2020 and postmarked December 29, 2020. *Pl.'s Obj.* at 3; *id.*, Attach. 6, *Envelope*. Because the prison mailbox rule controls the date of filing for incarcerated individuals in certain circumstances, the Court applies the rule here and concludes Mr. Cain timely filed his objection. *See Casanova v. Dubois*, 304 F.3d 75, 79-80 (1st Cir. 2002) (extending the prison mailbox rule to civil filings in § 1983 cases).

Despite Mr. Cain's waiver of objection, the Magistrate Judge addressed the merits of Attorney Tzovarras' motion. *Recommended Decision* at 1-9. It was only after the Magistrate Judge issued his Recommended Decision that Mr. Cain objected. Under the law, Mr. Cain faces a double waiver. Not only did he fail to object to Attorney Tzovarras' motion to dismiss, but he also may not raise objections before this Court that he did not raise before the Magistrate Judge. The Court of Appeals for the First Circuit has written, "[w]e hold categorically that an unsuccessful party is not entitled as of right to de novo review by a judge of an argument never seasonably raised before the magistrate." *Guillemarde-Ginorio v. Contreras-Gomez*, 490 F.3d 31, 37 (1st Cir. 2007) (quoting *Paterson-Leitch Co. v. Mass. Mun. Wholesale Elec. Co.*, 840 F.2d 985, 990 (1st Cir. 1988)). In the words of Judge Carter of this District, "[p]arties must take before the magistrate, not only their best shot but all of their shots." *Borden v. Sec'y of Health and Human Servs.*, 836 F.2d 4, 6 (1st Cir. 1987) (quoting *Singh v. Superintending Sch. Comm.*, 593 F. Supp. 1315, 1318 (D. Me. 1984)). On this basis alone, Mr. Cain's objections to the Magistrate Judge's Recommended Decision must fail because he never objected to the motion to dismiss in the first place.

**B.    The Objections**

Despite his waiver of objection, the Court will briefly address the objections that Mr. Cain has made to the Magistrate Judge's Recommended Decision.

3

     **1.**  **An Allegation of Bias**

  First, Mr. Cain accuses the Court and the Magistrate Judge of bias because he believes that the Court never acted on his motion for default:

> I also feel there may be some impartial dealings going on here in the court as I asked for my motion for default to be granted several months ago and it was ignored, the defendant who is from Maine ask[s] for [the] case to be dismissed and it is granted, do you see the bias here?

*Pl.'s Obj.* at 1. Mr. Cain is wrong.

  Mr. Cain filed his Complaint against Attorney Tzovarras on March 2, 2020. *Compl.* On March 17, 2020, the Magistrate Judge granted his motion to proceed in forma pauperis. *Order* (ECF No. 8). On June 2, 2020, the Magistrate Judge approved service of process of the Complaint on Attorney Tzovarras. *Order for Serv.* (ECF No. 12). The Clerk of Court sent the waiver form to Attorney Tzovarras on June 18, 2020 and Attorney Tzovarras waived service of process on June 29, 2020. *Waiver of Serv.* (ECF No. 16). Under the Federal Rules of Civil Procedure 4(d)(3) and 12(a)(1)(A)(ii), he had sixty days from June 18, 2020, the date the waiver was sent, to file either an answer to or a motion to dismiss the Complaint. *Id.* Within the sixty-day period, on August 11, 2020, Attorney Tzovarras, through counsel, filed a motion to dismiss the Complaint. *Def.'s Mot. to Dismiss*.

  Under Federal Rule of Civil Procedure 12(a)(4)(A), if a defendant files a motion to dismiss, the time within which the defendant must file an answer is extended to fourteen days after the court denies the motion or postpones its disposition until after trial. The August 11, 2020 motion to dismiss therefore extended the time within

which Attorney Tzovarras was required to file an answer to Mr. Cain's Complaint until the Court ruled on the motion to dismiss.

On August 20, 2020, Mr. Cain filed a motion for default. *Mot. for Notice of Default* (ECF No. 15). Mr. Cain's motion for default was dated August 14, 2020 and he may not have received Attorney Tzovarras' motion to dismiss by the date he sent the motion for default. Nevertheless, Mr. Cain's motion for default was not in order because Attorney Tzovarras had "otherwise defend[ed]" the Complaint as of August 11, 2020 within the sixty-day period for a response or motion. *See* FED. R. CIV. P. 55(a). On September 21, 2020, the Magistrate Judge denied Mr. Cain's motion for default because the Defendant had filed a responsive pleading and there was no basis for the entry of default. *Order* (ECF No. 20).

Mr. Cain is simply wrong in asserting that he filed a motion for default that the Court "ignored." The Magistrate Judge denied his motion for default on September 21, 2020. Moreover, the reason the Magistrate Judge denied the motion for default was not due to bias against Mr. Cain, it was due to the fact that he was not entitled to default because Attorney Tzovarras had timely filed a motion to dismiss Mr. Cain's Complaint. The Court overrules Mr. Cain's claim of bias as erroneous as a matter of fact and law.

### 2. Claims Against Attorney Tzovarras

In his objections, Mr. Cain reiterates the allegations in his Complaint about his alleged difficulties in communicating with Attorney Tzovarras, his dissatisfaction with the way Attorney Tzovarras handled the defense of his case, Attorney Tzovarras'

investigation of the facts underlying the charge, Mr. Cain's knowledge and understanding of the plea agreement, and other matters. *Pl.'s Obj.* at 1-4. As the Magistrate Judge explained, the fundamental problem with Mr. Cain's claim is that on January 9, 2018, he came before the Court and knowingly and voluntarily pleaded guilty to the offense of stalking, a violation of 18 U.S.C. § 2261A(2)(B). *United States v. Cain*, 1:16-cr-00103-JAW, *Min. Entry* (ECF No. 153). Mr. Cain represented to the Court that he was pleading guilty because he was actually guilty of the crime:

> THE COURT: Now, Mr. Cain, I have a very important question for you, and, obviously, in this courtroom, I require an honest and truthful answer. Have you pleaded guilty to the charge contained in Count 1 of this indictment because you are actually guilty of that crime and for no other reason?
>
> THE DEFENDANT: Yes, Your Honor.

*Tr. of Proceedings, Rule 11 Proceedings* at 9:12-17 (ECF No. 209) (*Rule 11 Tr.*). The Court also expressly asked Mr. Cain about whether he had read the plea agreement, whether he understood it, whether he had consulted with Attorney Tzovarras about the terms of the agreement, whether he signed the agreement voluntarily, and whether he understood that by signing the agreement, he was bound by all its terms and conditions. *Id.* at 17:23-18:18. Among the terms to which Mr. Cain expressly agreed was that the Court had the authority to impose any lawful sentence. *Id.* at 19:15-21:17.

As the Magistrate Judge explained in the Recommended Decision, Mr. Cain is collaterally estopped under Maine law from asserting that Attorney Tzovarras' legal advice, as opposed to his own conduct, was responsible for his injuries. *Recommended*

6

*Decision* at 6-9. Nothing in Mr. Cain's objections to the Magistrate Judge's Recommended Decision alters the fact that Mr. Cain committed the crime of stalking, that Mr. Cain admitted he was actually guilty of this crime, and that he is bound by the representations he made to the Court. "It is the policy of the law to hold litigants to their assurances." *United States v. Parrilla-Tirado*, 22 F.3d 368, 373 (1st Cir. 1994).

In his objection, Mr. Cain cites *United States v. Blackner*, 721 F.2d 703, 708 (10th Cir. 1983) for the proposition that a defendant is entitled to review his presentence investigation report before he pleads guilty to a crime in federal court. Mr. Cain is mistaken. *Pl.'s Obj.* at 2. The Tenth Circuit did not require that a defendant be provided with a presentence report before he pleads guilty. Except when a court orders otherwise, a presentence investigation report necessarily comes after, not before a guilty plea. *See* FED. R. CRIM. P. 32. The *Blackner* case involved a defendant who was not been shown the full contents of his plea agreement before pleading guilty. *Blackner*, 704 F.2d at 704. Here, as just noted, Mr. Cain was informed of his plea agreement, fully understood its terms, and agreed to be bound by its terms and conditions at his Rule 11 hearing. Mr. Cain gains nothing from the Tenth Circuit's *Blackner* case.

Finally, Mr. Cain points out that in the First Circuit opinion, Judge Stahl referred to the fact that Attorney Tzovarras did not object to the Court's sentence at the sentencing hearing. *Pl.'s Obj.* at 4. Mr. Cain is correct that the First Circuit noted that there had been no objection to the sentence at the sentencing hearing.

*United States v. Cain*, 779 F. App'x 6, 10 (1st Cir. 2019). But the First Circuit explained:

> "Although the standard of review for unpreserved challenges to the substantive reasonableness of a sentence remains unclear," even in the event of a preserved challenge "an appellate court only reverses where the sentence is outside of the expansive universe of reasonable sentences."

(quoting *United States v. Severino-Pacheco,* 911 F.3d 14, 21 (1st Cir. 2018) (internal quotation marks, alterations, and citations omitted)). The First Circuit went on to write that "[T]he linchpin of a reasonable sentence is a plausible sentencing rationale and a defensible result." *Id.* (quoting *United States v. Martin*, 520 F.3d 87, 96 (1st Cir. 2008)). The *Cain* Court concluded that the sixty-month period of incarceration this Court imposed met the standard for a reasonable sentence, one with a "plausible rationale and a defensible result." *Id.* at 11. Thus, Mr. Cain is incorrect that Attorney Tzovarras' failure to object to the sentence at the hearing would have led to a different result because the First Circuit upheld the sentence as reasonable, which is the standard for preserved error.

### III.  CONCLUSION

The Court reviewed Mr. Cain's objections and overrules them as unsupported by the facts and incorrect on the law. The Court concurs with the recommendations of the Magistrate Judge for the reasons set forth in his Recommended Decision, and further set forth herein, and determines no further proceeding is necessary.

1. The Court <u>AFFIRMS</u> the Recommended Decision of the Magistrate Judge (ECF No. 21).

2. The Court <u>DENIES</u> Donald Cain's Objection to the Recommended Decision of the Magistrate Judge (ECF No. 22).

3. The Court <u>GRANTS</u> Hunter Tzovarras' Motion to Dismiss (ECF No. 14).

4. The Court <u>DISMISSES</u> Donald Cain's Complaint (ECF No. 1) for failure to state a claim upon which relief can be granted.

SO ORDERED.

<u>/s/ John A. Woodcock, Jr.</u>
JOHN A. WOODCOCK, JR.
UNITED STATES DISTRICT JUDGE

Dated this 15th day of January, 2021